May it please the court, Kenneth Carpenter appearing on behalf of Ms. Christina Brenner. This case deals with the question of whether or not the Veterans Court misinterpreted the provisions of 38 U.S.C. 7261A3A. This statute requires that the Veterans Court shall hold unlawful and set aside decisions of the board which are found to be not in accordance with law. In accordance with the holding of the Veterans Court in Mariano, the lower court held that it would be impermissible for the VA to undertake additional development if the purpose was to obtain evidence against the appellant's case. Before the Veterans Court, Ms. Brenner specifically argued that the VA had done just that. The Veterans Court, we believe, committed clear error by failing to undertake a deferential de novo review of the question of law presented by Ms. Brenner's appeal. Let me address that question first, the de novo review. In your own blue brief at page 9, you say that the board made a fact-finding when it found the January 2003 Progress Note too speculative to warrant a grant of service connecting. Yes. If that's a fact-finding, why are we supposed to not review that deferentially? Because that finding doesn't have anything to do with whether or not the evidence which was developed by the VA was evidence developed for the sole purpose of defeating the claim. So is it your position that if the record is essentially almost devoid of evidence except one little piece that might support the claim, then that has to be the end of it? Well, I'm not sure I would characterize it quite that way, Your Honor. In this case, we have a veteran who explains the injury in service. We then, during the course of the litigation, present a VA doctor's statement that connects her current disability to what she described as happened in service. That fully substantiates the claim. In this case, it was six years after that before the Board of Veterans' Appeals in 2008 ordered additional development. That additional development was not successful. They ordered a second opinion, and that additional development simply offered an opposite view of the connection. Hypothetically, what if hypothetically the doctor's report was both equivocal and conclusory? Would you say that... The original doctor's report, Your Honor? Yes. Oh, okay. Would you say in the hypothetical that the VA would be bound to just accept it as true and that's it? No, Your Honor. If it's equivocal, then clearly that opens up the VA's right to develop evidence. What if it's conclusory and that there's no rationale or there's no understanding of how that diagnosis was arrived at? There was no suggestion that the claims folder was reviewed or anything like that. Then under the VA or the case law below, then the obligation of the VA or the board is to seek clarification. And this is from their own examiner now, Your Honor, or excuse me, their own doctor. This is not from some private physician that's, quote, been hired to provide an opinion. But it sounds like we at least agree that in the situation of my hypothetical, that the board ought to remand the case for further fact development. As it relates to clarification of the opinion that was offered. Not as they did in this case to develop their own evidence and to seek their own opinion about whether or not there is or isn't etiology or next... diagnosis that doesn't have any explanation of what it was based on. You're saying it's unreasonable for the board to seek further development and understanding of where that one sentence diagnosis came from? This case is about what the role of the VA is. The VA's role is to... I think we're asking a question and I would like you to answer that question. I'm sorry. Is it unreasonable to ask for further fact development under those circumstances? No. It's not. But the question is, what is that additional development? Is that additional development to seek clarification from the author of the opinion that they think doesn't provide an adequate rationale? Or is it to develop evidence from their own examiner to the ultimate question? And we believe that Mariano creates a rule of law that expressly says you don't do the latter. And that the case law before the Veterans Court is clear that you do the former. Your argument seems to be predicated on some nefarious intent of the VA that it's not clear to me from the record is the case. You're assuming that they're looking to dig out information or data or diagnoses that'll destroy the veteran's case. Your Honor, is that kind of what your case is predicated on? That assumption? No, frankly, Your Honor, it's not. It's predicated on the fact that in 2003, evidence substantiated the claim that Ms. Benner's service or current disability was related to the injury during service. But that underlying predicate is the important part. You're saying evidence substantiated the claim. But you don't dispute the fact-finding that the Board made that there was no such thing as evidence that substantiated the claim. There was a speculative statement. And so their point was there was no evidence. That's not evidence if there is no explanation for it. But with respect, Your Honor, that was a fact-finding made in the final Board decision, not fact-finding that was made in the 2008 decision. Ms. Benner was put in the circumstance where she could not appeal the 2008 decision. She was not able to appeal that remand and say, time out, what are you remanding this for for another examination? She had to go with that until there was ultimately a final decision before she could challenge what happened in 2008. The question presented by this appeal is not for this Court to resolve the question of whether or not the VA treated her correctly, but merely whether or not the Veterans Court treated her fairly. Did the Veterans Court deny her the de novo review on the question of law as to whether or not the rule in Mariano applied? The Veterans Court could have said no. Had it said no, that's potentially an application of law to fact, which precludes this Court's jurisdiction. Given that it's a rule of law, however, this Court's jurisdiction could be implicated because it's the application of a rule of law. But the basis of this appeal is about what the Veterans Court did in treating Ms. Benner's appeal. She asked for a review by the Veterans Court of the proposition of whether or not the rule of law created in Mariano was or wasn't violated by the Board in 2008 when it sought additional evidence. And that rule either has meaning or it doesn't have meaning. The lower court quite candidly ducked it. And this appeal is about whether or not that was consistent with the obligations imposed by Congress under 7261A3A. Would we have a right to address that question initially on appeal, or are you saying we would have to remand it to the Veterans Court for purposes of making that determination? I think this Court probably has the discretion to reach it. I think that the more appropriate action would be to send this back since it's their rule for them to address it in the first instance. I'm sorry, I can't remember the name of the case, but there is a case from this Court that says if the issue is presented and the lower court fails to address it, then this Court can address that since it was presented. But I'm not sure that's the appropriate action in this case. Alternatively, we could just say it was an abuse of... The rule should be that the Veterans Court reviews this sort of Board decision for an abuse of discretion, right, on whether or not the Board acted appropriately in remanding the case for further fact development. Yes. Unless there's further questions from the panel. Thank you, Mr. Carpenter. Ms. Speck? May it please the Court. This appeal does not present a question of law. Rather, this appeal presents Ms. Spenner's disagreement with the manner in which the Board weighed the evidence in this case, specifically whether the 2003 progress note was sufficient to establish service connections. In this case, there was a 2003 progress note that was inconclusive. In October... There was also a March 2005 doctor's report, which... I understand Mr. Carpenter to be arguing that the error of law was the wrong standard of review being applied. That feels very much like a legal question. So why don't we have the authority? How is that not something that we ought to be thinking about? Your Honor, there was no incorrect standard that was applied. Here, the Veterans Court did everything that's required to do under both 38 CFR 3.304, as well as the Mariano decision. Both the Veterans Court decision and the Board stated the reason why under Mariano it was appropriate to obtain additional evidence in this case. The regulation provides that additional evidence can be developed when deemed necessary, but should not be undertaken when the evidence present is sufficient. Ms. Benner's claim is not that... It's not clearly that her progress note was sufficient as a matter of law. Rather, she's challenging the manner in which the facts were weighed in this case. Well, how does the Mariano rule really work in practice? I mean, I'm having a hard time understanding the concept because it would seem that under your theory, the VA could always just say, well, there's just not enough here, and then they could just get around the rule that says you don't go out and seek evidence that would actually be opposing the Veterans' claim. So, how does the Mariano rule apply if the VA always can just say, well, it's necessary, so I've got to go down this road? Well, Your Honor, there is wide discretion that both this Court and the Veterans Court have afforded to the Board to develop evidence in their discretion. However, in Mariano, I believe what the Court was addressing was a situation in which there was a medical opinion that should have been sufficient to establish service connection. And here, we simply don't have that. As the Board and the Veterans Court explained, the 2003 doctor's note did not go through her medical history. It did not explain the rationale for concluding that there was service connection, and it did not address prior medical evidence, such as the 1996 MRI. So, this is not a case where this additional development of the medical evidence was superfluous. This is a case where there was not sufficient information to establish service connection, and the Board appropriately, as it possesses the discretion to do, developed that evidence. It's pretty weird, though, that the VA didn't go back to their own doctor and say, you reached this conclusion that would be favorable to the Veterans, and we think you didn't justify it enough in your report, so why don't you give us more information? Why wasn't that the starting point of the additional investigation? I don't know why they didn't go back to the initial doctor, Your Honor. However, they did consult several additional doctors, and there was never anything that was particularly conclusive. For example, in March 2005, there was a different spine exam. It said objective findings were not consistent with her subjective complaints. However, it didn't address the progress note. Then, after the remand in March 5, 2009... You didn't like what the first doctor said, so instead of going back to that doctor, you go to another one until you get the answer you want. That would seem to be exactly what the exception in the regulation is trying to avoid. I don't think so, Your Honor. I think we had, in this case, a diagnosis that was plainly insufficient, that it didn't meet the standards that the VA set for establishing service connection. The Veterans Court was appropriately giving the Veterans the benefit of the doubt by seeking additional information. The problem that the board set with the March 25 exam was the fact that it didn't address the 2003 progress note. The next exam, in March 2009, the doctor concluded that it couldn't state the precise onset without resorting to pure speculation. Again, after that, the board concluded that another medical opinion was necessary. I think this was dealing with a plainly insufficient to establish service connection January 2003 doctor's note and trying to find additional evidence to, in fact, help the veteran, because each time there was not sufficient evidence. Do you think that the Veterans Court actually did apply the Mariano Rule and reach the legal conclusion that there was nothing here that prohibited the investigation, or are you just arguing that it's essentially harmless error because there wouldn't have been anything anyway? Well, I believe I've brief argued both, but the board, in its decision, clearly Mariano requires that if the board is going to undertake medical evidence, it has to state why it did that. Here, the board very clearly did that in its April 4th, in its 2010 opinion. It also explained clearly in the remand decision in October 2008 why additional information was necessary. I think Mariano says if you're going to develop additional evidence, you have to state why, which they did. I think to the extent we're disputing the evidence in the record and whether it's sufficient, that is an application of law to fact and not a legal issue appropriate before this court. If the court has no further questions, we respectfully request that it uphold the decision of the Veterans Court. All right. Thank you, Ms. Speck. Mr. Carpenter? We believe that the question of law presented by this appeal is the standard of review. And Ms. Benner did not receive the standard of review to which she was entitled, based upon the question that she presented below. We do not believe that the Veterans Court did apply the rule in Mariano. The VA suggests that it did not. Judge Lance did in his decision. However, the way in which the facts in this case were developed and the significant length of time between the 2003 VA doctor's report and the 2008 remand decision leaves a considerable length of time in which the VA could have had the opportunity to explore with their own doctor to clarify these questions about his opinion. And if that clarification resulted in providing an appropriate rationale, then this case would have been disposed of. This case is about Ms. Benner's opportunity before the Veterans Court to raise a legitimate question of law about a rule of law that was created by the Veterans Court. What exactly is the rule of law? I'm just having a little trouble sort of identifying exactly where you think they erred in the standard of review. Is your position that they didn't do what they needed to do under Mariano? Because that doesn't feel like a question of law. What exactly is the question of law that you're talking about where they should have given DeNova a review? Ms. Benner presented the question of law as to whether or not the Board, in 2008, when it remanded her case for further development, was remanding consistently with the rule in Mariano. That presents a question of law to the Veterans Court about the rule of law which they created in Mariano about whether or not the VA was doing precisely what the Veterans Court found in Mariano was not permissible. The legal question in this case is whether or not, under the statute, Ms. Benner was entitled to a deferential DeNova review based upon those undisputed facts to answer that question of law. Answer the question of what? I mean, Mariano said you've got to explain yourself. You're saying that there's DeNova review of whether the explanation was adequate? Not did they explain themselves, but did they act in accordance with? And one response would be that they did so because they provided an adequate explanation. But that's not what the Veterans Court said in this case. The Veterans Court said that Ms. Benner had not presented, I believe the court's language was, does not offer any legal or evidentiary support for her contention. But her contention was about precisely what the record revealed happened and whether or not what the record below revealed happened was or was not consistent with the rule that was created by the Veterans Court in Mariano. Unless there's further questions, thank you very much. Thank you both counsel. Case is taken under submission. All rise.